Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9577 | **DATE** | 8/4/2004 |
| **CASE TITLE** | Johnson vs. Doe | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, this matter is hereby dismissed without prejudice. All pending dates and motions are hereby stricken. Terminating case. Enter Memorandum Opinion.

(11) ■ For further detail see order attached to the original minute order.

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | 8/05/04 | |
| | Notified counsel by telephone. | | date docketed | 74 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

| | | |
|---|---|---|
| DOUGLAS JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | AUG 5 2004 |
| | ) | |
| v. | ) No. 01 C 9577 |
| | ) | |
| CHICAGO POLICE OFFICERS, CHRISTOPHER HACKETT, and THOMAS GAFFNEY, and CITY OF CHICAGO, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter was set for a pre-trial conference on August 4, 2004. However, due to failure by Plaintiff's counsel to abide by District Court rules and this court's orders, we strike the pre-trial conference, strike the trial date, and dismiss this action without prejudice. The decision to dismiss is based upon the long history of lack of diligence and a disregard for this court's orders by Plaintiff's counsel in this action which will be illustrated below.

On October 29, 2003, Defendants filed a motion for summary judgment in this action. Plaintiff was unable to respond to the motion in a timely fashion and on

1

November 13, 2003, we granted Plaintiff's request for an extension until November 26, 2003, to file an answer brief. On November 26, 2003, Plaintiff filed an answer to Defendants' summary judgment order. However, Plaintiff subsequently determined that his answer was insufficient and sought leave to amend his answer on December 2, 2003. We granted Plaintiff leave to file an amended answer to the summary judgment motion. Plaintiff filed an amended answer to Defendants' summary judgment motion and Defendants subsequently filed a reply brief on December 16, 2003. On January 7, 2004, a half month after Defendants filed their reply, Plaintiff filed a motion for leave to file a response to Defendants' 56.1 statement and response to Defendants' reply. Plaintiff claimed that he "inadvertently failed to attach the Plaintiff's Response to the Defendants [sic] Rule 56.1 Statement of Uncontested Facts." (Mot. 1). Plaintiff noticed up the motion before the court, but, when the court called the case on the date selected by Plaintiff, no one appeared before the court on behalf of Plaintiff and the motion was accordingly denied. On January 21, 2003, Plaintiff again filed a motion for leave to file a response to Defendants' 56.1 statement and response to Defendants' reply despite the fact that Defendants had filed their reply over a month before and despite the fact that neither Plaintiff nor his counsel appeared for the same motion filed previously. Once again, on January 27, 2004, neither Plaintiff nor Plaintiff's counsel appeared in court for

the noticed motion and the motion was denied. On February 5, 2004, Plaintiff filed a motion to reconsider the court's denial of its January 27 motion. Taking into consideration the prejudice that Plaintiff would suffer due to his counsel's lack of dilligence if Plaintiff were not allowed to file a response to Defendants' 56.1 statement, we granted Plaintiff's motion for reconsideration and allowed Plaintiff to file a response to Defendants' 56.1 statement of facts.

On June 15, 2004, we issued a memorandum opinion, granting summary judgment for Defendants on all claims except for the claims against the individual officers for excessive force relating to the alleged kicking incident. On June 25, 2004, attorney Michael Hoard ("Hoard") filed a motion for reconsideration of our summary judgment ruling on behalf of Plaintiff. Although, Hoard filed an appearance on March 6, 2003, he has never sought leave to appear and thus is not an attorney of record. It was thus improper for him to file a motion before the court in this action. The motion is written by hand and is barely legible in portions. The brief makes reference to a Northern District case as "ruling authority" and cites various cases but fails to provide any of the page numbers for the cases cited. The motion does not address any of the proper reasons for bringing a motion for reconsideration. On June 30, 2004, Plaintiff attempted to file an amended motion for reconsideration which expanded his arguments from the initial motion. The initial

hand-scrawled motion for reconsideration was apparently a half hearted attempt at filing some document before the ten day deadline under Rule 59(e) and thus the intial filing was an improper attempt at circumventing Rule 59(e).

On June 15, 2004, we also stated by minute order that all motions in limine would be due by July 7, 2004, and all responses were due July 14, 2004. On July 7, 2004, Plaintiff attempted to file motions in limine which were deemed deficient by the Clerk of Court. On July 13, 2004, Plaintiff filed amended motions in limine. On July 19, 2004, we denied all of Plaintiff's pending motions other than the original motion for reconsideration due to filing deficiencies and a failure to comply with the court's orders. Plaintiff's amended motion for reconsideration was not properly bound and the courtesy copy had more pages than the filed copy. Plaintiff's counsel failed to sign Plaintiff's motions in limine brief. Plaintiff filed a motion for leave to respond to Defendants' motions in limine, but a portion of the text in Plaintiff's brief was cut off and unreadable. Plaintiff also included the incorrect case number on one of his attempted filings. On July 19, 2004 we admonished Plaintiff's counsel regarding these deficiencies and told counsel that the court would expect Plaintiff's counsel to follow court rules and orders in the future.

On June 15, 2004, we ordered the parties to submit a pre-trial order in the court chambers in accordance with the court's standing order regarding pretrial

orders which requires a jointly submitted pretrial order. Instead of a joint pre-trial order, Plaintiff's counsel and Defendants' counsel each attempted to submit their own version of the pre-trial order. After the Courtroom Deputy contacted the parties' counsel and advised them that the improperly submitted pre-trial orders would not be accepted, the parties' counsel came to the Courtroom Deputy's office and attempted to organize their separate materials into one pre-trial order. The Courtroom Deputy eventually accepted a document that the parties indicated would be the joint pre-trial order. However, subsequently, the court chambers received a copy of a pretrial order from Plaintiff's counsel that was improperly bound and was signed solely by Plaintiff's counsel. Thus, on the day before the scheduled pre-trial conference, the court was uncertain as to which document was the proper joint pre-trial order. Also, an examination of both pre-trial order documents revealed that they did not comply with the court's pre-trial order requirements as listed in our standing order.

In order to resolve this issue prior to the pre-trial conference, the court asked the Courtroom Deputy to contact counsel for both sides. Counsel for Defendants immediately came to the office of the Courtroom Deputy when called and began working on sorting through the pre-trial order submissions to put together one comprehensive joint pre-trial order. The Courtroom Deputy was unable to reach

Plaintiff's attorney Demitrus Evans and left her a phone message. Even though attorney Hoard was not a counsel of record, the Courtroom Deputy also called Hoard to try and resolve the issue. A secretary at Hoard's office indicated that Hoard was busy with other matters and could not take the court's call. Even after the Courtroom Deputy explained the situation, he was told that Hoard would not receive his call. As of 6:00 p.m. on August 3, 2004, the day before the pre-trial conference, neither Hoard nor Evans had contacted the Courtroom Deputy in response to the court's call.

Finally, Plaintiff in this case filed a reply brief in support of his motion for reconsideration of the court's partial summary judgment ruling. However, despite the court's many admonitions regarding following court procedures, the filing was deficient because Plaintiff's counsel did not submit an original signature with her brief. Plaintiff's counsel has on numerous occasions ignored the District Court filing procedures and failed to comply with the court's orders. Plaintiff's counsel have continually caused needless confusion and delay in this action. We are scheduled to begin a pre-trial conference today. Yet, we do not have a proper pre-trial order before us to prepare for the conference and the eventual trial. Therefore, we find that, due to the lack of diligence by Plaintiff's counsel and disregard for the court's orders, a dismissal without prejudice of this action is warranted. We have given

Plaintiff every opportunity to comply with the court's orders and rules and Plaintiff's counsel has ignored the court's admonitions and orders.

If there are statute of limitations bars that would render this dismissal a dismissal with prejudice and Plaintiff is willing to dutifully comply with the court rules and orders, Plaintiff needs to properly file a motion for reconsideration within the prescribed time limit and the court will consider the motion. Therefore, we dismiss all remaining claims in this action without prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 4, 2004